IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**PAULA VALLO**,

    Plaintiff,

vs.                               Civ. No.     **02-1178 MCA/WDS**

**UNITED STATES OF AMERICA**,

    Defendant.


**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO RECONSIDER**

**THIS MATTER** is before the Court on *Plaintiff Paula Vallo's Motion to Reconsider Entry of Summary Judgment and to Request this Court to Rescind the Grant of Judgment and to Reinstate her Lawsuit* [Doc. No. 44] filed on August 6, 2003, and *Plaintiff's Motion to File Out of Time Reply in Support of Plaintiff's Motion for Reconsideration* [Doc. No. 46] filed on September 5, 2003. Having considered the parties' submissions, the relevant law, and being fully advised in the premises, the Court grants Plaintiff's motion to file her reply brief out of time but denies Plaintiff's motion for reconsideration for the reasons set forth below.

**I.**     **BACKGROUND**

On July 25, 2003, this Court filed a *Memorandum Opinion and Order* [Doc. No. 41] denying Plaintiff's motion to amend [Doc. No. 17] and granting Defendant's motion for

summary judgment [Doc. No. 11].  On August 6, 2003, Plaintiff moved the Court to reconsider the entry of judgment against her, to rescind that judgment, and to reinstate her lawsuit under Fed. R. Civ. P. 52(b) and 59.  [Doc. No. 44.]  In her motion to reconsider, Plaintiff contends that the Court "erred in granting summary judgment without a hearing and without a sufficient record before it."  [Doc. No. 44, at 1.]

In particular, Plaintiff asserts that the Court was unable to consider evidence provided in the BIA Adult Detention Handbook because Defendant did not produce that handbook in discovery until after the completion of briefing on Defendant's summary-judgment motion. According to Plaintiff, this "new" evidence creates a genuine issue of material fact with respect to whether the alleged negligence of the United States arose out of an assault or battery for purposes of determining sovereign immunity under 28 U.S.C. § 2680(h). Defendant denies Plaintiff's contentions and opposes Plaintiff's motion to reconsider.

Plaintiff failed to file her reply brief regarding her motion to reconsider within the time period provided in the local rules.  She later moved for leave to file a reply brief out of time.  Defendant opposes this motion as well.

## II.    ANALYSIS

As a preliminary matter, the Court finds that Plaintiff has shown good cause for filing her reply brief out of time.  Therefore, the Court will consider the reply brief attached as Exhibit A to *Plaintiff's Motion to File Out of Time Reply In Support of Plaintiff's Motion for Reconsideration* [Ex. A to Doc. No. 46] in ruling on her *Motion to Reconsider Entry of*

*Summary Judgment and to Request this Court to Rescind the Grant of Judgment and to Reinstate her Lawsuit* [Doc. No. 44].

The only authorities that Plaintiff cites in support of her motion to reconsider are Fed. R. Civ. P. 52(b) and 59.  Fed. R. Civ. P. 52(b) provides, in relevant part, that:  "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings-- or make additional findings--and may amend the judgment accordingly."  This rule does not apply here because the Court's previous *Memorandum Opinion and Order* treated Defendant's motion [Doc. No. 11] as a motion for summary judgment under Fed. R. Civ. P. 56, and, by definition, an order granting summary judgment under Fed. R. Civ. P. 56 does not make findings of fact.  See Fed. R. Civ. P. 52(a) (stating that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56"); Allen v. Muskogee, 119 F.3d 837, 840 (10th Cir. 1997) ("[T]raditional 'findings of fact' are inappropriate in a summary judgment order, because if summary judgment is proper no findings of fact need be made and the case can be resolved as a matter of law.").

"'[R]egardless of how it is styled or construed ..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.'" Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Vreeken v. Davis, 718 F.2d 343, 345 (10th Cir.1983)).  Grounds warranting relief under this rule "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson

Resources Corp., 57 F.3d 941, 948 (10th Cir.1995)); see Phelps, 122 F.3d at 1324. A motion under Fed. R. Civ. P. 59(a) does not, however, provide a valid basis "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," or "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete, 204 F.3d at 1012; accord 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1, at 127-28 (1995).

In this case, Plaintiff contends that the Court erred by granting summary judgment in Defendant's favor without first holding a hearing on Defendant's motion. This contention is without merit. Hearings and oral argument on summary-judgment motions are not required. See D.N.M. LR-Civ. 7.8(a) ("A motion will be decided on the briefs unless the Court sets oral argument."); Cruz v. Melecio, 204 F.3d 14, 19 (1st Cir. 2000) ("There is nothing fundamentally unfair about the summary judgment process, nor does the absence of an opportunity to supplement written submissions with oral advocacy constitute a denial of due process."). Plaintiff provides no explanation as to why the information she wished to communicate to the Court at such a hearing could not have been submitted in writing under Fed. R. Civ. P. 56. Further, Plaintiff never sought leave to submit such information by way of a surreply or a supplement to the record. Under these circumstances, the absence of a hearing does not provide grounds for altering or amending the judgment under Fed. R. Civ. P. 59(e).

Similarly, the fact that discovery was still underway at the time of the briefing on Defendant's summary-judgment motion does not render that motion premature. Fed. R. Civ. P. 56(a) expressly provides that motions under this rule may be filed "at any time after the expiration of 20 days from the commencement of the action." See Alholm v. Am. Steamship Co., 144 F.3d 1172, 1177 (8th Cir. 1998); Brill v. Lante Corp., 119 F.3d 1266, 1275 (7th Cir. 1997). In this case, the action was commenced on September 19, 2002, and Defendant's summary-judgment motion was not filed until January 13, 2003. [Doc. No. 1, 11.] The Court waited for more than six months, until July 25, 2003, before ruling on that motion. [Doc. No. 41.] During that six-month period, the Court twice denied Defendant's requests for a stay of discovery. [Doc. No. 23, 29.] The *Initial Pretrial Report* further provided that "[t]he pendency of dispositive motions shall not stay discovery." [Doc. No. 33, at 7.] The stipulated deadline for the parties' initial disclosures under Fed. R. Civ. P. 26 passed on May 12, 2003, and further discovery followed shortly thereafter. [Doc. No. 27, 28, 30, 34, 36, 37, 38, 39.]

If Plaintiff could not present facts essential to justify her opposition to Defendant's summary-judgment motion during the lengthy period when that motion was pending and discovery was underway, the proper procedure for bringing this issue to the Court's attention was to file an affidavit pursuant to Fed. R. Civ. P. 56(f). As the Court previously noted in the *Memorandum Opinion and Order* filed on July 25, 2003:

> The problem with Plaintiff's request for discovery is that she failed to abide by Rule 56(f), which requires a party to present affidavit testimony regarding why she needs additional discovery before responding to a motion for

> summary judgment. Fed.R.Civ.P. 56(f). Plaintiff not only failed to file an affidavit requesting discovery, she did not satisfy other requirements of Rule 56(f). For example, Plaintiff did not explain why facts precluding summary judgment could not be presented, did not identify the probable facts that were not available to her, and did not state what steps she had taken to obtain those facts. See Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000). Plaintiff's "'counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver.'" Id. (Internal citation omitted.) Indeed, "'[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.'" Id. at 783-84. (Internal citation omitted.)

[Doc. No. 41, at 11-12.]

In her motion to reconsider, Plaintiff now claims that the reason she did not comply with the requirements of Fed. R. Civ. P. 56(f) was that her counsel was unable to reach her to prepare an affidavit under this rule and that counsel did not prepare such an affidavit themselves because they did not want to become witnesses. Plaintiff's alleged unavailability, as well as counsel's alleged unwillingness to become a witness, were not unknown to them at the time of the briefing on Defendant's summary-judgment motion. Accordingly, Plaintiff's motion to reconsider does not advance any arguments or supporting facts with regard to this issue that could not have been raised earlier. Raising these allegations for the first time after entry of the *Memorandum Opinion and Order* does not provide grounds for relief under Fed. R. Civ. P. 59(a). See Servants of Paraclete, 204 F.3d at 1012.

Plaintiff next contends that, apart from her failure to present the issue in a timely and appropriate manner under Fed. R. Civ. P. 56(f), the Court should alter or amend the judgment because of Defendant's alleged tardiness in turning over discovery materials. In

particular, Plaintiff accuses Defendant of undue delay in disclosing the BIA Adult Detention Handbook. The record reflects that Defendant produced the BIA Adult Detention Handbook on July 17, 2003, in response to an informal request for production in another case. [Ex. A to Doc. No. 45.] Thus, there was still time for Plaintiff to bring this handbook to the Court's attention before the filing of the *Memorandum Opinion and Order* on July 25, 2003.

Assuming for purposes of analysis that the BIA Adult Detention Handbook constitutes newly discovered evidence under Fed. R. Civ. P. 59(e), it still does not provide grounds for altering or amending the Court's judgment. In particular, Plaintiff's motion to reconsider provides no basis for concluding that the information contained in this handbook is material to the Court's prior rulings on Plaintiff's motion to amend her *Complaint* or the sexual assault and battery claim alleged in Count I of that *Complaint*.

Rather, the alleged relevance of the BIA Adult Detention Handbook is limited to the negligence claims asserted in Counts II and III of Plaintiff's *Complaint*. According to Plaintiff, this handbook and the other materials attached to her motion to reconsider provide further support for her negligence claims because they show that Defendant owed her an affirmative duty and that Defendant independently breached that duty.

The Court recognizes that Defendant owed an affirmative duty to Plaintiff as evidenced by the BIA Adult Detention Handbook, as well as the materials previously submitted in response to Defendant's summary-judgment motion. The Court concludes, however, that Defendant is still entitled to sovereign immunity under 28 U.S.C. § 2680(h) in this instance because these materials do not support a reasonable inference that

Defendant's affirmative duty to Plaintiff was breached in a manner that is independent from Defendant's employment relationship with the alleged perpetrator, Mr. Brown.

To establish that Defendant's negligence falls outside the scope of the sovereign immunity provided by 28 U.S.C. § 2680(h), Plaintiff must do more than show that Defendant owed her an affirmative duty of care. Plaintiff also must show a breach of that duty that is independent from the intentional acts of the alleged perpetrator, Mr. Brown. To establish such independence, it is not sufficient to simply show that Defendant's negligence preceded these intentional acts in time or did not take place concurrently with them. Plaintiff also must show that the alleged breach of Defendant's duty to her was independent from Defendant's employment relationship with Mr. Brown. See Franklin v. United States, 992 F.2d 1492, 1498-99 (10th Cir. 1993); Griego v. United States, 2000 WL 33348763, at *4 (W.D. Tex. June 2, 2000) (citing Sheridan v. United States, 487 U.S. 392, 398 (1988)).

The paradigmatic example of such an independent breach of an affirmative duty is provided by the facts set forth in Sheridan, 487 U.S. at 395. In that case, a visibly drunk and visibly armed off-duty government employee fled from a hospital while other government employees were attempting to take him to the emergency room. The other government employees failed to report the incident, and the off-duty employee who fled the hospital later injured the plaintiffs by shooting at their automobile on a public street. See id. There was evidence that the government employees who attempted to take the assailant to the emergency room breached an affirmative duty by failing to report the incident. More importantly, this breach and its foreseeable consequences had nothing to do with the

-8-

assailant's employment status or job duties because the shooting occurred while the assailant was off-duty and outside of his workplace. The other government employees' decisions to attempt to take the assailant to the emergency room and then leave the scene without reporting the incident also did not depend on the assailant's employment status or job duties. Rather, these decisions were based on his state of intoxication and his brandishing of a weapon. See id. at 401-02.

This case is distinguishable from Sheridan because here the alleged breach and its foreseeable consequences had everything to do with Mr. Brown's employment status and job duties. In this regard, the Court notes the vast majority of the allegations in Counts II and III of Plaintiff's *Complaint* pertain to issues of negligent hiring, training, and supervision of Mr. Brown. These allegations obviously depend on Defendant's employment relationship with Mr. Brown and, therefore, do not fall outside the scope of the sovereign immunity provided by 28 U.S.C. § 2680(h) and the other authorities cited above.

To the extent that Plaintiff alleges a more generalized duty to take reasonable care for her safety and well-being, or to take reasonable actions to prevent or reduce criminal activity within the facility where she was detained, Plaintiff also has failed to show a breach of such duties that is independent of Defendant's employment relationship with Mr. Brown. In this regard, the Court notes the allegations in Plaintiff's *Complaint* that "Mr. Brown used his authority and control, as well as Ms. Vallo's understanding of them, to obtain sex from Ms. Vallo," and that "[b]ecause she was coerced" in this manner, "Ms. Vallo could not and did not give her consent to having sexual relations with Mr. Brown." [Doc. No. 1, at ¶¶ 21, 23.]

According to these allegations, the basis for concluding that Mr. Brown's sexual relations with Plaintiff were tortious, criminal, or otherwise contrary to her safety and well-being is that they were non-consensual. The basis for concluding that these sexual relations were non-consensual is that Mr. Brown was using his authority as a corrections officer to coerce Plaintiff while she was in his custody at his workplace. While the use of such authority obviously constitutes a form of coercion, the grounds for imposing liability for injuries arising from this form of coercion are heavily dependent on Mr. Brown's employment status and job duties and, therefore, do not fall outside the scope of the immunity provided by 28 U.S.C. § 2680(h). See Lilly v. United States, 141 F. Supp. 2d 626, 630 (S.D. W. Va. 2001), aff'd 2001 WL 1635446 (4th Cir. 2001), cert. denied, 536 U.S. 939 (2002); Griego, 2000 WL 33348763, at *6; cf. Franklin, 992 F.2d at 1498-99 (discussing relationship between negligence claim and medical battery claim premised on lack of consent).

## III.     CONCLUSION

For the foregoing reasons, as well as those previously stated in the Court's *Memorandum Opinion and Order* [Doc. No. 41] filed on July 25, 2003, neither Plaintiff's motion to reconsider nor the material attached thereto provide grounds for altering or amending the judgment in Plaintiff's favor pursuant to Fed. R. Civ. P. 59(a). Accordingly, Plaintiff's motion to reconsider is denied.

**IT IS, THEREFORE, ORDERED** that *Plaintiff Paula Vallo's Motion to Reconsider Entry of Summary Judgment and to Request this Court to Rescind the Grant of Judgment and to Reinstate her Lawsuit* [Doc. No. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to File Out of Time Reply in Support of Plaintiff's Motion for Reconsideration* [Doc. No. 46] is **GRANTED** and the reply brief attached as Exhibit A to that motion is deemed timely filed.

**SO ORDERED** this 22nd day of December, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*